# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

July 6, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**HOBERT L. PHILLIPS SR.,**
**Claimant Below, Petitioner**

**vs.)   No. 16-0664** (BOR Appeal Nos. 2051119 and 2051120)
            (Claim Nos. 2015022347 and 2015022348)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**SUMMERS COUNTY BOARD OF EDUCATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Hobert L. Phillips Sr., pro se, appeals the decision of the West Virginia Workers' Compensation Board of Review. West Virginia Office of Insurance Commissioner, by Noah A. Barnes, its attorney, filed a timely response.

The issue on appeal is two-part. The first issue is whether occupational pneumoconiosis should be held a compensable component of the claim, and the second is whether an occupational disease should be held a compensable component of the claim. This appeal originated from two separate claims administrator's decisions dated May 29, 2015, which denied claims for both occupational pneumoconiosis and occupational disease. In two separate orders dated February 16, 2016, Order, the Workers' Compensation Office of Judges affirmed both decisions. The Board of Review's Final Orders each dated June 9, 2016, affirmed the Orders of the Office of Judges. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these

1

reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Hobert L. Phillips, Sr., a former janitor, filed a claim for benefits for occupational pneumoconiosis on February 24, 2015, and a claim for benefits regarding an occupational disease on March 19, 2015. After commencing with this claim, Mr. Phillips passed away. His wife, Margaret Phillips, continues with his claim.

Mr. Phillips was a janitor with the Summers County Board of Education from 1973 until January 19, 1995. The majority of that time was spent at Pipestem Elementary School. It was determined that the school's floor tiles contained asbestos. Mr. Phillips alleged that he developed occupational pneumoconiosis as a result of scraping up the tiles and inhaling the fibers. He filed his first claim in September of 1997. The claim was held compensable for occupational pneumoconiosis on a nonmedical basis subject to the presumption under West Virginia Code §23-4-8c(d).

On February 24, 1998, Mr. Phillips underwent an examination by the Occupational Pneumoconiosis Board. The Board noted that Mr. Phillips had experienced shortness of breath for twelve to fifteen years with a mild cough productive of white sputum. The films were negative for occupational pneumoconiosis. Based upon its findings, the Board concluded that Mr. Phillips did not have occupational pneumoconiosis, nor did he have any pulmonary impairment which could be attributed to his employment. The claims administrator granted no award based upon the findings of the Board. The Office of Judges affirmed the decision on August 20, 1999. The Workers' Compensation Appeal Board affirmed the Office of Judges' Order on December 31, 1999. This Court then refused to hear Mr. Phillip's appeal and affirmed the decision on January 5, 2000.

Mr. Phillips continued to suffer shortness of breath and was eventually diagnosed with chronic obstructive pulmonary disease, congestive heart failure, cardiac arrhythmia, silicosis, lung disease, and a collapsed lung. Mr. Phillips subsequently filed the instant two claims in 2015. Mr. Phillips wrote a letter describing how he was exposed to dust and chemicals from 1973 through 1995. He attributed his need for breathing and heart medication, as well as the use of oxygen, to his prior employment. He also attributed his bladder cancer to his occupational exposure.

The claims administrator rejected each claim in separate Orders on May 29, 2015. Regarding the claim for occupational pneumoconiosis, the claims administrator rejected the claim pursuant to West Virginia Code 23-4-1(d) (2008), §23-4-15 (2010), and §23-4-15(b) (2009). The claims administrator stated that Mr. Phillips listed his last date of exposure as January 18, 1995[1] and had not experienced any additional exposure since that time. Thus, this claim was considered a duplicate of the prior claim and was denied on the basis of no additional exposure. Regarding the claim for occupational disease, the claims administrator rejected the claim as having been untimely filed.

---

[1] The Office of Judges determined the actual last date of exposure was January 19, 1995.

On February 16, 2016, the Office of Judges issued two separate Orders regarding Mr. Phillips's claims. Regarding the claim for occupational pneumoconiosis, the Office of Judges stated that pursuant to West Virginia Code §23-4-15(b), an individual must experience at least sixty additional days of exposure to the hazards of abnormal quantities of dust in order to file a new claim. It noted that this claim is identical to the claim filed in 1997 as no additional exposure has occurred. The evidence repeatedly established that Mr. Phillips was last exposed to the hazards of occupational pneumoconiosis on January 19, 1995. He was not exposed to any additional hazards beyond that date, and the Office of Judges rejected the claim. Regarding the claim for occupational disease, the Office of Judges noted that Mr. Phillips and Mrs. Phillips alleged that Mr. Phillips likely contracted bladder cancer from the asbestos exposure. However, there is no medical evidence to support this belief as no medical evidence regarding Mr. Phillip's bladder cancer was ever submitted. Mr. Phillips also attributed his lung disease to the exposure. However, the claims administrator showed that Mr. Phillips was aware of his lung condition as early as 1994. His last day of exposure was in 1995, and he subsequently filed his occupational pneumoconiosis claim in 1997. Thus, the Office of Judges noted it was a reasonable implication that the claim was not timely filed under West Virginia Code §23-4-15(c). Accordingly, it found that there was no evidence to establish that Mr. Phillips suffered from a disease attributable to his occupation or that the claim was timely filed.

The Board of Review authored two separate decisions on June 9, 2016. The Board of Review affirmed the Office of Judges' Order rejecting the claim for occupational pneumoconiosis but declined to adopt the reasoning. Rather, the Board of Review rejected the claim because Mr. Phillips did not meet the requirements set forth in West Virginia Code §23-4-15(c). Because this claim was not filed within three years from the date of last exposure, the Board of Review noted that it must be filed within three years from and after a diagnosed impairment due to occupational pneumoconiosis was made known to Mr. Phillips by a physician. In the prior claim, no award was granted because the Occupational Pneumoconiosis Board did not make a diagnosis of occupational pneumoconiosis. In this new claim, the evidence does not establish that a diagnosed impairment due to occupational pneumoconiosis was made known to Mr. Phillips by a physician. Thus, the Board of Review affirmed the rejection of the claim. Regarding the claim for an occupational disease, the Board of Review adopted the reasoning and conclusions of the Office of Judges and affirmed its Order.

We agree with the reasoning and conclusions of the Office of Judges. Mr. Phillips was last exposed to an occupational hazard on January 19, 1995. Both of his claims fail under West Virginia Code §23-4-15(c) as the three year time limit imposed in any of the scenarios has long passed. Further, there is no medical evidence to support a finding of either occupational pneumoconiosis or an occupational disease.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 6, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4